Order accordingly.

---

3 261
54 376
54 644

WALTER KING v. JOHN W. BERRY and BRANT VAN BLARCOM, Executors of WILLIAM BERRY, deceased.

The balance of assets remaining in the hands of executors after payment of debts, should either be paid to those interested, or be put out at interest for their benefit.

If the funds are used by the executor, he is required not only to pay interest, but to account for all the profits he may have made.

If no profit has been made, but the money has been suffered to lie idle, he will be charged with simple interest for his negligence.

The executor will not be exempted from the payment of interest, simply on the ground that the legatees were at a distance, and might call for their money when it was not in hand.

In cases of manifest error it will not excuse an executor, that he acted on the advice of counsel; but in doubtful cases, it is a circumstance entitled to great weight in his favor.

Where the exact line of duty was not clear, where the executor has acted in good faith, and under the advice of experienced counsel, and has not attempted to make any profit to himself, interest ought not to be charged against him.

It is the privilege of executors and trustees to take counsel when any difficulty occurs as to their duty, and counsel fees will be allowed out of the estate.

Travelling expenses incurred by an executor are not a lawful charge against an estate. Expenses of that kind must be taken out of the commissions.

THE complainant filed his bill for the recovery of certain legacies, bequeathed by the last will and testament of William Berry, deceased, and for an account. An interlocutory decree in favor of the complainant, was made at April term, A. D. eighteen hundred and thirty-four, directing a reference to a master to take and state an account upon proper and equitable princi-

[King v. Ex'rs of Berry.]

ples.* Upon the coming in of the master's report, exceptions were filed by John W. Berry, one of the executors; and the cause came on to be heard at April term, A. D. eighteen hundred and thirty-five, upon the exceptions to the report.

*Dickerson* and *Vanarsdale*, for exceptant.

*E. B. D. Ogden*, for complainant, contra.

THE CHANCELLOR. The accounts have been taken by a master, under an order of the court, made on the eighth day of July, eighteen hundred and thirty-four; and the exceptions are taken by John W. Berry, one of the executors and accountants.

1. The first exception is that the master has charged him interest upon monies of the estate in his hands, when he had the same ready to be paid over to those who were entitled, and when by law he was not bound to pay interest.

William Berry, the testator, died in January, eighteen hundred and twenty-six, possessed of a considerable personal and real estate, and leaving a last will and testament, of which he appointed the defendants executors. The principal part of the property was bequeathed to persons in England, who were unknown to the executors, and by whom no immediate claim was made for the property. The balance in the hands of John W. Berry is stated by the master to be four thousand three hundred and twenty dollars and seventy-two cents; all of which, with the exception of about one hundred dollars, was received before the first of July, eighteen hundred and thirty. From January, eighteen hundred and twenty-six, to first of May, eighteen hundred and twenty-seven, Berry received of the estate eighteen hundred and sixty-nine dollars and nineteen cents, and paid out for debts, &c. one hundred and eighty-one dollars and ninety-one cents—leaving a balance of sixteen hundred and eighty-seven dollars and twenty-eight cents. Nearly all this balance was in hand a year before any interest is charged, On the first of May,

* See ante, page 55.

eighteen hundred and twenty-seven, the debts being paid, a bal·ance is struck, and on that interest is computed to the time of taking the account.

The residue was received in different sums, as follows:—

| | | | | | | |
|---|---|---|---|---|---|---|
| 1828. | May | 1, | - | - | - | 35 00 |
| 1829. | " | " | - | - | - | 35 00 |
| 1830. | " | " | - | - | - | 35 00 |
| " | " | 8. | - | - | - | 859 25 |
| " | June | 7. | - | - | - | 657 76 |
| 1831. | May | 1. | - | - | - | 35 00 |
| 1832. | " | " | - | - | - | 35 00 |
| 1833. | " | " | - | - | - | 35 00 |
| " | " | " | - | - | - | 9 85 |
| | | | | | | $1736 86 |

On these sums, respectively, interest has been computed after six months, except the three last, on which interest has been cast from the time they were received—amounting in the whole to three hundred and seventy-six dollars and sixty-three cents.

The executor contends that he ought not to be charged with interest until the year eighteen hundred and thirty-one. That up to that time the money was kept in hand to answer the purposes of the estate, and according to the directions of the testator, and the advice of his counsel. That finding, in the year eighteen hundred and thirty-one, that a claim was made to the money by the present complainant, as assignee of the legatees in England, and supposing that some years would elapse before the suit could be determined, he made use of the balance for his own purposes, in his own business; and from that time he is willing to account for the lawful interest, but ought not to be charged for any longer period.

As a general rule, it is the duty of executors and trustees not to suffer money of others to be idle in their hands. The balance of assets remaining, after the payment of debts, should either be paid to those interested, or be put out at interest for their benefit. If the funds are used by the executor, and mingled with his own, he is required not only to pay interest, but to account for

all the profits he may have made. No rule of equity is better settled at this day, than that a trustee shall not be permitted to make a profit out of the estate of his cestui que trust. If no profit has been made, but the money has been suffered to lie idle, he will be charged with simple interest for his negligence.

In this case, it is sufficiently proved that the money was in hand, and not used. The complainant has searched the conscience of the executor. His answers as to that fact are *positive* and direct, and there is nothing in the evidence sufficient to disprove them. He is to be charged, then, with simple interest on general principles, unless there is something special in this case to excuse him. Several matters have been urged. It is said, first, that the legatees were in England, and it being uncertain when they would call for their money, it was the duty of the executor to keep it by him, that he might pay it to them without delay, whenever it should be demanded. This is not of itself a justification. A considerable part of the money was out on interest, and for aught that appears, safely invested; and the residue might have been invested without risk. It is not likely that legatees, situated as these were, would have incurred the expense of coming to this country or sending an agent for the money, without apprising the executors, and ascertaining from them when they would be prepared to pay it; and even if they should have done so, it is going almost too far to suppose that they would have been obliged to pay the money forthwith, without a reasonable opportunity of collecting it. The case does not show that they had any special reason for expecting them very shortly after the *testator's death* ; and it does not appear that any pains were taken to give them information of the death of the testator, or the amount of the estate. I think that, under these circumstances, it is asking too much of the court, to exempt the executor from the payment of interest, simply on the ground that the legatees were at a distance, and might call for their money when it was not in hand. I am afraid to set such a precedent—one which will cover all amounts, and is a strong temptation to concealment and speculation and frauds on the part of executors and trustees.

But the executor contends, in the next place, that the testator in his life-time directed him to collect in the money outstanding, and to keep it by him, and have it ready when the legatees should come for it; and that he was advised by his counsel to keep the money in hand. There is no direction of that kind in the will, and there is no evidence of it except the declarations of the executors. They have been examined on oath by the complainant touching the matter, and they both state that such direction was given. These declarations are entitled to be considered, but they are to be looked at with jealousy. To rest upon them alone would be hazardous, if not unsafe to the interests of legatees.

The executor insists, however, that he has acted in good faith, and under the advice of counsel, and therefore he ought not to be made to pay this interest out of his own pocket. To my mind, there is no reason to doubt the honesty and good intention of the executor. The money was kept in hand, but for no benefit to himself. He believed he was acting in accordance with his duty, and kept the amount in his desk. He thought he was right in following the verbal directions of the testator as he understood them; and that he acted according to the advice of counsel is made very plainly to appear.

It is the privilege of executors and trustees to take counsel when any difficulty occurs as to their duty. It is a safety at all times. It will not excuse them in cases of manifest error; but in doubtful cases, it is a circumstance entitled to great weight in favor of the executor, that he acted on the advice of counsel. Seeing that in the execution of this trust it may not always be easy to perceive the exact line of duty, and that the executor has acted in good faith and under the advice of experienced counsel, and has not attempted to make any profit to himself, I am inclined, under the special circumstances, to say that interest ought not to be charged against him until the year eighteen hundred and thirty-one. The first exception is therefore allowed.

2d Exception. That the master has not allowed for expenses necessarily incurred in the settlement of the estate.

34

[King v. Ex'rs of Berry.]

The amount in question is fifteen dollars and fifty cents. One item, amounting to five dollars and fifty cents, is for expenses in going at different times to Newark. The other is ten dollars for a counsel fee. The first is not a lawful charge. Expenses of that kind must be taken out of the commissions. The last item is a proper charge, and should be allowed.

3d Exception. That the commissions are insufficient.

The commissions allowed are moderate; but as the case now stands, I am not disposed to interfere with this part of the report, and accordingly overrule the exception.

This is not a case for costs against the executors.